|   |   |   |
|---|---|---|
| | IN THE UNITED STATES DISTRICT COURT | |
| | FOR THE DISTRICT OF ARIZONA | |

Darrell K. Fatty,  )   No. CV 05-1163-PHX-ROS (MS)
      Petitioner,  )
          )   **REPORT AND RECOMMENDATION**
vs.  )
          )
Dora B. Shriro, et al.,  )
      Respondents.  )

**TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT JUDGE:**

On April 15, 2005, Petitioner filed with the Clerk of the Court a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. #1].  This is the second Petition for Writ of Habeas Corpus Petitioner has filed.  The first was filed in 1992, bearing the case number CIV-92-1444-PCT-ROS(MS).  Petitioner's first habeas petition was denied and dismissed with prejudice on May 1, 1997. [CIV-92-1444-PCT-ROS(MS) Doc. # 10].  Respondents filed a Motion to Dismiss in lieu of an Answer to the second petition on January 4, 2006.  In it they request that the Court deny and dismiss the petition with prejudice on the grounds that this petition is a successive petition and it fails to comply with  28 U.S.C. § 2244(b)(3)(A).

A second or successive habeas petition is permissible only if the petitioner can demonstrate either (1) that his new claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or (2) that his claim rests on the discovery of previously unavailable evidence regarding the petitioner's innocence. 28

1  U.S.C. § 2244(b)(2)(B)(i)-(ii); Flowers v. Walter, 239 F.3d 1096, 1099-1100 (9th Cir.
2  2001), opinion superceded on other grounds by 24 Fed. Appx. 658 (9th Cir. 2001).
3  Petitioner must also obtain authorization to file a second or successive habeas
4  petition from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A); see
5  also Woratzeck v. Stewart, 118 F.3d 648, 650 (9th Cir. 1997).

6        Petitioner has made no showing that his new petition relies on a new rule of
7  constitutional law, or rests on the discovery of previously unavailable evidence.
8  Further, Petitioner did not seek leave of the Ninth Circuit Court of Appeals to file this
9  petition.  Petitioner's argues that his first habeas petition was filed before AEDPA's
10 enactment, and therefore AEDPA's requirement to obtain circuit court authorization
11 before filing a successive petitioner does not apply to this scenario.  Petitioner's
12 argument is foreclosed by the decision in Lindh v. Murphy, 521 U.S. 320 (1997)
13 (determining that the amendments to section 2244(b) apply to habeas petitions filed
14 after AEDPA's enactment).  The fact that Petitioner's first habeas petition was filed
15 before AEDPA's enactment is irrelevant. See Nunez v. United States, 96 F.3d 990,
16 991 (7th Cir. 1996) (holding that a district court must dismiss a second or successive
17 petition absent circuit authorization for its filing, even if first habeas petition was filed
18 before AEDPA's enactment).  See, e.g., Woratzeck, 118 F.3d at 650 (applying the
19 provision of AEDPA requiring that a habeas petitioner seek circuit authorization
20 before filing a successive habeas petition, even though the petitioner's first habeas
21 petition was filed before AEDPA's enactment); Villafuerte v. Stewart, 142 F.3d 1124,
22 1125 (9th Cir. 1998) (denying petitioner leave to file a successive petition for a writ
23 of habeas corpus under 28 U.S.C. § 2244(b)(3) where original petition was filed
24 before passage of AEDPA); Gerlaugh v. Stewart, 35 F.Supp.2d 1163, 1164 (D. Ariz.
25 1999) (dismissing petitioner's successive habeas petition in part for failing to obtain
26 circuit authorization before filing successive petition even though first habeas petition
27 was filed before AEDPA's enactment).
28

**IT IS THEREFORE RECOMMENDED** that Respondents' "Motion to Dismiss Second or Successive Habeas Corpus Application for Lack of Court of Appeals Authorization" (Doc. # 7) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. #1] be **DISMISSED** without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. §636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 24th day of April, 2006.

_____
Morton Sitver
United States Magistrate Judge